UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARTIN LEONARD COHEN,

                          Plaintiff,         **REPORT AND RECOMMENDATION**

      -against-         CV 24-2460 (GRB) (ARL)

STANLEY H. TEPPER, ALAN R. TEPPER,
WALTER A. KOPROWSKI *as certified public accountants*, THE CPA FIRM OF TEPPER, TEPPER AND KOPROWSKI, CPAS, PC, ROBERT SHERMAN *former Business Officer of Five Towns College, Five Towns College Real Property Trust, Cohen Family Limited Partnership, and related entities*, RUSSELL RICHARDSON, DAVID PERRY, JOSHUA WAYNE, ALICIA BROWN *in their official capacity as an IRS Agents and other federal agents*, and US ATTORNEY FOR THE E. DISTRICT OF NY,

                          Defendants.
-----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Brown, is the motion of the plaintiff, Martin Leonard Cohen ("Cohen"), to "Compel Chief Justice [Brody] to Preside." The motion is best construed as a motion to have District Judge Brown recuse himself because he was a former federal prosecutor in this district. Specifically, with respect to Judge Brown's role in this case, Cohen argues that "it is inconceivable that a prior professional relationship didn't exist, and even the appearance of an impropriety should be avoided." He is , therefore, seeking to have Chief Judge Brody randomly reassign the matter to another judge.

28 U.S.C. § 455 provides, in pertinent part:

> (A) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

˜1˜

> questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy; . . ..

28 U.S.C.A. § 455 (West). "Federal judges are also subject to the provisions of the Code of Conduct for Federal Judges, which, in relevant part, mirrors the language of these statutory provisions." *Flores v. Town of Islip*, 448 F. Supp. 3d 267, 279 (E.D.N.Y. 2020).

With respect to subsection (a) of 28 U.S.C. § 455, the Second Circuit has held that disqualification requires a showing that would cause "an objective, disinterested observer fully informed of the underlying facts [to] entertain significant doubt that justice would be done absent recusal." *Id.* (citing In *re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (citation and internal quotation marks omitted) (alteration in original)). As District Judge Brown noted himself in the *Flores* case, "[t]his test deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary." *Id.* (citing *In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). However, "[w]here a case, [such as this one only], involves remote, contingent, indirect or speculative interests, disqualification is not required*." Id.* (citing *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)).

Cohen has not offered any basis for District Judge Brown's recusal other than his guess that as a federal prosecutor, Judge Brown must have developed relationships with the federal defendants. In this Circuit, "[t]here is a 'presumption' that judges will conduct proceedings

properly and impartially," and absent proof from Cohen that would overcome the presumption that District Judge Brown will do so in this case, the undersigned respectfully recommends that the motion be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the defendants that have filed notices of appearance and will be mailed to the plaintiff. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated:   Central Islip, New York
         July 25, 2024

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge